FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS TYALOR and VERONICA BROPAS, Husband and Wife, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, an agency of the State of Washington, <br><br> Defendant. | NO. 2:23-CV-0247-TOR <br><br> ORDER OF DISMISSAL WITH PREJUDICE |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 26). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiffs filed their original Complaint on August 29, 2023, and a First Amended Complaint on January 8, 2024, alleging Defendant violated Title II of

ORDER OF DISMISSAL WITH PREJUDICE ~ 1

the Civil Rights Act by failing to accommodate their religious beliefs.  ECF Nos. 1, 10.  Plaintiffs were represented by counsel until the Court granted counsel's motion to withdraw in July 2025, due to "a fundamental disagreement on matters of strategy" of the case.  ECF No. 19 at 2.  Plaintiffs thereafter proceeded pro se, and the parties agreed to amend the case scheduling order to set trial for August 5, 2026.  ECF No. 24.

Defendant contends that after the withdrawal of their counsel, Plaintiffs became increasingly unresponsive, missed multiple discovery deadlines, failed to appear at their properly noticed depositions, and did not respond to written discovery requests.  ECF No. 26 at 8.  Discovery has now closed, and Plaintiffs remain unresponsive to Defendant's communication attempts.  *Id.*

Defendant now moves to dismiss the case for failure to prosecute or as a sanction for discovery violations.  ECF No. 26.  Defendant asserts that Plaintiffs were notified of Defendant's intent to file a motion to dismiss in an effort to confer in good faith, but Plaintiffs did not respond.  ECF No. 26 at 8.  The motion hearing date has now passed and Plaintiffs have not filed any response to Defendant's motion, nor have they otherwise communicated with the Court.

## DISCUSSION

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b);

ORDER OF DISMISSAL WITH PREJUDICE ~ 2

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, Rule 41(b) is triggered on the independent grounds that Plaintiffs have not complied with discovery rules by failing to sit for their own depositions (*see* Fed. R. Civ. P. 30(d)(2)) or otherwise respond to Defendant's written discovery requests and failing to respond to the present motion to dismiss.   Even though Plaintiffs are pro se, they are still expected to "follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

The Court has considered the aforementioned factors, all but one of which favor dismissal.  Plaintiffs' unresponsiveness and unwillingness to move forward in this action threatens both the expeditious resolution and the orderly and timely disposition of the case on the Court's docket.  Likewise, Defendant is prejudiced by Plaintiffs' unwillingness to participate in discovery.  Defendant's inability to get information from Plaintiffs hinders its ability to develop any defense and

ORDER OF DISMISSAL WITH PREJUDICE ~ 3

properly litigate this case.  While less drastic sanctions are technically available, such sanctions appear to be fruitless where Plaintiffs have not participated on the docket in this matter since August 2025.  The factor in favor of adjudication on the merits is outweighed by the other factors in favor of dismissal.  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960-61 (9th Cir. 2006).

For these reasons, the Court finds that dismissal is appropriate under Rules 41 and 37.  Therefore, Defendant's Motion seeking dismissal is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss (ECF No. 26) is **GRANTED**.  All claims and causes of action in this matter are **DISMISSED** with prejudice.

The District Court Executive is directed to enter this Order, furnish copies to the parties, enter judgment, and **CLOSE** the file.

DATED June 3, 2026.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITH PREJUDICE ~ 4